UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID L. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:18CV00427 ERW |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner David Lee Martin's *Pro Se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1].

**I.     BACKGROUND**

Petitioner David Lee Martin ("Petitioner") was convicted by jury on six counts of child molestation, two counts of victim tampering, and three counts of third-degree assault. Subsequently, Petitioner was sentenced as a persistent sexual offender to life imprisonment for the child molestation offenses, fifteen years imprisonment for the victim tampering offenses, and fifteen days for the third-degree assault offenses, all sentences to run concurrently.

On direct appeal, Petitioner's convictions and sentences were affirmed. The appellate court issued its mandate on July 10, 2015. On July 16, 2015, Petitioner timely filed a *pro se* motion pursuant to Rule 29.15. On July 24, 2015, the post-conviction motion court ("the motion court") appointed a public defender to represent Petitioner. Accordingly, any amended motion was due by September 22, 2015. *See* Rule 29.15(g). On October 15, 2015, Petitioner requested an extension of time to file an amended motion, but the motion was not ruled on by the motion court. On October 22, 2015, Petitioner filed an amended motion.

1

On October 26, 2015, the motion court issued an order observing post-conviction counsel had not filed a timely amended motion. The motion court stated there was a presumption of abandonment, and it ordered counsel to "file a written statement, not later than November 27, 2015, providing an explanation of counsel's failure to file either an amended motion or a Rule 29.15(e) statement."

On November 27, 2015, counsel filed a response. Based on the facts alleged in counsel's response, the motion court found Petitioner had been abandoned by counsel, *i.e.*, counsel's failure "to file a timely amended motion was not the result of the negligent or intentional conduct of Petitioner." The motion court permitted the untimely filing of the amended motion.

On August 2, 2016, the motion court granted relief on Petitioner's claim trial counsel was ineffective for failing to object to sentencing as a persistent sexual offender; the court ordered "[t]he designation of Petitioner as a persistent sexual offender [be] . . . stricken from the judgment" in his criminal case. The court denied the remainder of Petitioner's claims. On October 6, 2015, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254.

The Missouri Court of Appeals, Eastern District, described the facts of Petitioner's convictions as follows:

> Defendant does not challenge the sufficiency of the evidence to support his convictions. The facts relevant to this appeal are as follows. The State charged Defendant with seven counts of first-degree child molestation, two counts of victim tampering, and three counts of third-degree assault. Each count related to eleven-year-old victim S.P. and to the timeframe of January 1, 2011 to April 30, 2011. The charges for the child molestation counts alleged Defendant touched S.P.'s genitals and breasts through her clothing. The charges for the victim tampering counts alleged Defendant purposely prevented or dissuaded S.P. from making any report of first-degree child molestation to authorities. Finally, the charges for the third-degree assault counts alleged, (1) Defendant knowingly caused physical contact with S.P. by touching her genitals or breasts through her clothing, by kissing her, and by slapping her on the rear; and (2) Defendant knew S.P. would regard such conduct as offensive or provocative.

ECF No. 21-5, pg. 696.[1]

## II. STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that

---
[1] These facts are taken directly from the Court of Appeals Memorandum affirming Petitioner's conviction on direct appeal. A state court's determination of a factual issue shall be presumed to be correct. 28 U.S.C. § 2254(e).

3

the state court's presumptively correct factual findings do not enjoy support in the record." *Id*.

## III. DISCUSSION

Petitioner asserts multiple claims in his petition: (1) Petitioner's Equal Protection Clause rights were violated by the prosecutor's use of peremptory challenges; (2) The trial court erred by overruling two defense objections to the prosecutor's closing arguments; (3) Petitioner received ineffective assistance of counsel for five different reasons; (3a) Counsel was ineffective for allowing trial court to find Petitioner had been previously convicted of an offense under chapter 566; (3b) Appellate counsel was ineffective because they failed to brief the putative error of the previous conviction under chapter 566 on appeal; (3c) Trial counsel was ineffective because they should have requested the trial court give an instruction for second-degree child molestation as a lesser-included offense; (3d) Trial counsel was ineffective because they did not object to the prosecutor testifying at trial; and (3e) Trial counsel was ineffective because they did not advocate for a mistrial at two points in the trial. The Court will address each claim as follows.

### A. *Procedurally Defaulted Claims*

Claims 1 and 2 of Petitioner's motion are procedurally defaulted and must be dismissed. Petitioner must first raise each claim presented in his federal habeas petition in state court proceedings. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Claims not presented in state court proceedings, and for which there is no remaining state court remedy, are defaulted. *Id*. To overcome a procedural default, a petitioner must show cause for not presenting the claim in state court, and prejudice from the failure, or a fundamental miscarriage of justice. *Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010). Cause for a procedural default ordinarily occurs when the petitioner can show "some objective factor external to the defense impeded counsel's efforts

to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In order to establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence that he was innocent of the crime of which he was convicted." *Storey*, 603 F.3d at 524.

Claims 1 and 2 were not raised by Petitioner in either his PCR motion or his PCR appeal. Therefore, they are procedurally defaulted and must be dismissed. *See Storey*, 603 F.3d at 523 ("Storey did not appeal this finding in his state post-conviction appeal, and it is therefore procedurally defaulted.").

Claims 1 and 2 would not otherwise be dismissed if Petitioner could show cause and prejudice for not presenting the claims in state court or if he can show existence of a fundamental miscarriage of justice. Petitioner cannot establish either option. He has presented no new evidence he is innocent of the crime for which he was convicted and he has not presented any external factors which impeded his ability to present his claims to the state court. Petitioner has not overcome the procedural default of these claims, and they will be dismissed.

  B.  *Non-Cognizable Claims – Claims 3b and 3d*

    1.  Claim 3b

In claim 3b, Petitioner asserts he was denied effective assistance of post-conviction counsel in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution because his PCR counsel did not brief the putative error of the trial court finding Petitioner had been convicted of an offense under Chapter 566. "*See* § 566.067.2(2), RSMo Cum. Supp. 2013." There is no federal constitutional right to post-conviction counsel. *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). Thus, it is not a ground for habeas relief. *Id*. *See also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding

5

arising under section 2254."). Because Petitioner's claim is not cognizable in federal court, it will be dismissed.

2. Claim 3d

Claim 3d of Petitioner's Motion is not cognizable in federal court. The United States Supreme Court has held "federal habeas corpus relief does not lie for errors of state law" and "it is not [the] province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition. *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990); *Johnson v. Steele*, No. 4:11CV01022 SNLJ, 2014 WL 4627174, at *7 (E.D. Mo. Sept. 12, 2014). Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004) (citing *Estelle*, 502 U.S. at 68).

"A state court's evidentiary ruling is a matter of state law, and we may examine the ruling in a habeas petition only to determine whether the asserted error denied due process." *Bailey v. Lockhart*, 46 F.3d 49, 50 (8th Cir. 1995). "A state court's evidentiary rulings can form the basis for habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Osborne v. Purkett*, 411 F.3d 911, 917 (8th Cir. 2005) (quoting *Parker v. Bowersox*, 94 F.3d 458, 460 (8th Cir. 1996)). To constitute a due process violation, an evidentiary mistake must be "so egregious that [it] fatally infected the proceedings and rendered [Petitioner's] entire trial fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

6

Claim 3d challenges the trial court's decision to admit testimony, which is a state law question. Petitioner has not alleged the trial court's rulings were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive Petitioner of due process. Claim 3d will be dismissed.

C. *Claims Entitled to Deference – Claims 3a, 3c, and 3e*

Claims 3a, 3c, and 3e Petitioner raised in each of his state court proceedings. To gain federal habeas relief on these claims, Petitioner must show the state court's decisions on these claims were contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)-(2).

1. Claim 3a

In claim 3a, Petitioner asserts counsel was ineffective in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution when his counsel failed to "object to the Court finding that the state met [its] burden to impose enhanced sentence for the child molestation in the first degree charges." He asserts the motion court clearly erred because he proved at the evidentiary hearing "that the State had not met its burden of proving" at trial whether he had been previously "convicted of an offense under Chapter 566 of the Revised Statutes of Missouri." This is the same claim Petitioner raised in his PCR motion and his PCR appeal.

The motion court denied Petitioner's PCR motion for the following reasons:

> To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance did not meet the same degree of skill, care, and diligence of a reasonably competent attorney and that movant was thereby prejudiced. To demonstrate prejudice movant must establish that but for counsel's errors there is a reasonable probability that the outcome of the trial would have been different. A movant bears a heavy burden when attempting to show that counsel was ineffective. The state confessed

7

this claim at the beginning of the evidentiary hearing. The court will order that the persistent sexual offender finding be stricken from the sentence and the judgement in Cause No. 1122-CR02978-01. This claim does not require any further relief as the judgement form does not indicate that any of Mr. Martin's sentences are to be served without the possibility of parole.

ECF No. 21-6, pgs. 782 (internal citations omitted). Similarly, the appellate court, in affirming the PCR motion court's denial of Petitioner's claims, held:

> Section 566.067 provides that, for any person who commits first-degree child molestation, if "[t]he victim is a child less than twelve years of age and . . . the actor has previously been convicted of an offense under this chapter" then "such person shall serve his or her term of imprisonment without eligibility for probation or parole." The trial court cited Movant's stipulation to a prior conviction for sodomy as justification for denying Movant eligibility for probation or parole on his sentences for first-degree child molestation. Movant claims that the denial was improper because the trial court did not clearly accept the stipulation and failed to make a specific finding that Movant had been convicted of an offense under Chapter 566 as contemplated in the statute. The sentencing transcript reveals the following exchange:
>
> Court: . . . The first thing I'd like to attend to is the allegations made by the State that the defendant is a persistent offender and that the defendant has been convicted of sodomy. From my understanding, Ms. Llewellyn, is the defendant will stipulate to that.
> Counsel: Yes, Your Honor.
> Court: Let's go over this more specifically. Mr. Martin, the State has alleged that on January 12th, 1999, you pled guilty to the felony of distributing, delivering, or manufacturing a controlled substance. I guess that's your allegation. It's a little hard to read or attempt controlled substance. It's really not quite grammatical. State: Actually that's a different matter than the one I have a certified copy of. I would request permission to amend by interlineation. I have a certified copy of a different one from Cole County.
> . . .
> Court: All right. Mr. Martin, the State has alleged that on August 21st, 2006, you were found guilty of the felony of distributing a controlled substance in Cause No. 04CR324826-01 in the Circuit Court of Cole County, State of Missouri, and that on October 8th, 1985, you pled guilty to the felony of sodomy in the Circuit Court of St. Louis County in Cause No. 21CCR-512554; is that true?
>
> Movant: Yes, sir.
>
> Court: Those crimes were committed on different dates, weren't they? The sodomy crime was committed on a different date than the drug crime, right?
> Movant: Yes, sir.
> Court: You had different lawyers? You had lawyers in both those cases?
> Movant: Yes, public defender.

8

Court: All right. The Court finds then beyond a reasonable doubt that on August 21st, 2006, the defendant was found guilty of distributing a controlled substance, and that on October 8th, 1985, the defendant pled guilty to the felony of sodomy. He had lawyers in both cases. The crimes were committed on different dates, and the Court concludes then the defendant is a prior offender and a persistent offender. These findings are made under a standard of beyond a reasonable doubt.

. . .

Movant contends that the foregoing record is not sufficient proof of a prior conviction of an offense under Chapter 566 so as to justify denial of probation or parole. Rather, Movant claims that the trial court did not accept Movant's stipulation to a conviction for sodomy because it "engaged in further inquiry, and ultimately made findings of fact and conclusions of law beyond a reasonable doubt based on that inquiry with significantly different results." The State argues that Movant's trial counsel stipulated to a conviction for sodomy, an offense that has been included in Chapter 566 since 1979, and that the trial court "eliciting more information did not indicate a rejection of the stipulation."

We conclude that the motion court did not clearly err in determining that Movant had stipulated to a prior conviction of sodomy. The sentencing transcript shows that a stipulation occurred when counsel replied in the affirmative to the court's question as to whether Movant would stipulate that he had been convicted of sodomy:

Court: . . . The first thing I'd like to attend to is the allegations made by the State that the defendant is a persistent offender and that the defendant has been convicted of sodomy. From my understanding, Ms. Llewellyn, is the defendant will stipulate to that.

Counsel: Yes, Your Honor.

. . .

Although the State bears the burden of proving beyond a reasonable doubt that a defendant has the requisite prior convictions to justify denial of the possibility for probation or parole, Movant's stipulation to the sodomy conviction relieved the State of that burden. Movant also contends that the trial court's finding that Movant "pled guilty to the felony of sodomy" is insufficient to show a previous conviction under Chapter 566, because a guilty plea does not always result in a conviction. We disagree. A trial court's failure to make required findings before sentencing is a procedural error and does not affect the validity of the judgment so long as the record reflects the presence of sufficient evidence to have permitted the finding prior to sentencing. Movant's stipulation prior to sentencing constitutes sufficient evidence of a conviction under Chapter 566. Regardless, Movant suffered no prejudice from the trial court's failure to make specific findings: the post-conviction evidentiary hearing transcript shows that the State produced a certified copy of Movant's 1985 sodomy conviction and the motion court found that "the State produced uncontroverted evidence demonstrating that [Movant] had been convicted of sodomy." Therefore, Movant was not sentenced in excess of the maximum sentence authorized by law. Point I is denied.

ECF No. 21-10, pgs. 961-963 (internal citations omitted).

The PCR motion court and the appellate court correctly applied federal law in denying Petitioner's claim for error in the trial court's finding and in the trial counsel's failure to object to this finding. In order to establish ineffective assistance of counsel, an individual must show counsel made an unreasonable error and the error prejudiced the defense, meaning there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 688 (1984). The purported failures Petitioner raises do not rise to this level and therefore do not constitute ineffective assistance of counsel. Accordingly, this claim will be denied.

### 2. Claim 3c

In claim 3c Petitioner asserts counsel was ineffective in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution when his counsel failed to request instructions for a lesser-included offense. According to Petitioner, had counsel not committed the alleged error "he had a real chance of being found guilty" of the lessor offense of the child-molestation counts.

> The motion court denied Petitioner's PCR motion for the following reasons:
>
> The decision whether to request a lesser-included offense instruction is a tactical decision. Where counsel makes an objectively reasonable decision not to request a lesser included offense instruction, there is no ineffectiveness of counsel. Counsel cannot be ineffective for failing to request a lesser included offense instruction where the defense is innocence, as a counsel has no duty to request an instruction that would undermine the theory of the case.
>
> The difference between child molestation 1st degree and child molestation 2nd degree is that the age of the victim in the former is less than 14 years and that the age of the victim of the latter is less than 17. Compare section 566.0671.1 RSMo with section 566.068.1 RSMo. The theory of defense as articulated in Ms. Llewellyn's argument was that Mr. Martin was himself the victim of a false accusation and that the sexual act never occurred-not anything to do with the age of the victim. Ms. Llewellyn testified at the evidentiary hearing the defense was that Mr. Martin did not commit the crime so there was no reason to request an instruction on a lesser included offense. She said such an instruction would have allowed the jury to find Mr. Martin guilty of the lesser crime

when he claimed he was not guilty of anything. Ms. Llewellyn was certainly entitled to make a judgement that arguing about the victim's age would have undercut her argument that the accusation was false.

The court concludes that Ms. Llewellyn was not ineffective as counsel failing to request instruction submitting the lesser included offense of child molestation 2nd degree.

ECF No. 21-6, pgs. 785, 786 (internal citations omitted). Similarly, the appellate court, in affirming the PCR motion court's denial of Petitioner's claim held:

> On appeal, Movant argues that, because courts are required to submit any properly requested lesser-included offenses to the jury, trial counsel had no reasonable justification for failing to request the instruction. Movant relies heavily on the Missouri Supreme Court's holdings in *State v. Jackson*, 433 S.W.3d 390 (Mo. banc 2014) and *State v. Pierce*, 433 S.W.3d 424 (Mo. banc 2014), for the proposition that the trial court was required to submit the instruction. However, the appropriate standard of review was set forth in *McCrady v. State*, 461 S.W.3d 443 (Mo. App. E.D. 2015), where this court held: To prevail on a claim that counsel [provided] ineffective assistance for failing to request a lesser-included offense instruction, the movant must show that the evidence would have required the trial court to submit the instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that prejudice resulted. Trial counsel is presumed effective and the movant has the burden to show otherwise. *Id*. at 448 (citations and quotations omitted).
>
> Furthermore, "[e]ven where the evidence supports the submission of a lesser-included offense instruction, Movant must still overcome the presumption that counsel's decision not to request the instruction was reasonable trial strategy." *Id*. "An objectively reasonable choice by counsel not to submit an instruction does not constitute ineffective assistance of counsel." *Id*. At 449-50. Movant claims that counsel's decision not to request the instruction was not reasonable trial strategy because counsel's only justification was: "If he says he did not commit the crimes and he gets convicted of a lesser, I suppose he would argue I was ineffective for submitting a lesser offense giving the jury something to convict him of when he said he didn't commit a crime at all." However, Movant overlooks counsel's earlier testimony that "I believe our defense was that he did not commit the crime at all. I would not have submitted a lesser offense if it was an all or nothing proposition." This court has held that the decision to pursue an "all or nothing" defense is reasonable trial strategy, and counsel need not request an instruction that undermines or is inconsistent with the defense theory. *McCrady*, 461 S.W.3d at 450, 451. Therefore, when the "all or nothing" defense theory of innocence is presented at trial, a decision by counsel not to request a lesser-included offense instruction is a reasonable strategy. *Id*. Because the defense theory presented here was that Movant had not committed child molestation at all, counsel was not ineffective for deciding not to request the instruction for second-degree child molestation. Accordingly, Movant has failed to show that counsel's decision not to request the lesser-included offense instruction was anything other than reasonable trial strategy.

11

> Movant further claims that "the fact that [Movant] was found guilty of the greater offense does not mean there was no prejudice from this failure to instruct." However, because Movant has not shown that counsel's performance fell below an objective standard of reasonableness, we need not address the prejudice prong. Point III is denied.

ECF No. 21-10, pgs. 965, 966 (internal citations omitted).

The PCR motion court and the appellate court correctly applied federal law in denying Petitioner's claim for ineffective assistance of counsel. In order to establish ineffective assistance of counsel, an individual must show counsel made an unreasonable error and the error prejudiced the defense, meaning there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 688 (1984). "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. 2006). "The choice of one reasonable trial strategy over another is not ineffective assistance." *McLaughlin v. State*, 378 S.W.3d 328, 337 (Mo. 2012). The state courts' decision in entitled to deference. Therefore, this claim will be denied.

### 3. Claim 3e

In claim 3e, Petitioner asserts he was denied effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, because his trial counsel failed to object at two points in the trial. The first point was when the jury saw a video of an interview of the victim where she referred to another sexual incident but did not name the perpetrator, and made a reference to the Petitioner smoking crack. The second was when two members of the jury saw Petitioner in shackles and under guard during the trial.

The PCR motion court denied Petitioner's claim and stated:

> The decision as to whether or not to request a mistrial is a matter of trial strategy. If the trial is going well for the defendant, considering all of the circumstances, it may not be in

> the defendant's interest to obtain a new trial that might not go as well. Ms. Llewellyn testified at the evidentiary hearing that she initially moved for a mistrial and then withdrew the request after thinking it over. She weighed whether the trial was going favorably enough for Mr. Martin and whether what the jury had actually heard was more harmful. She decided to go with the jury that had been selected because she thought the trial was going favorably for the defense. This was trial strategy.
>
> The court concludes that Ms. Llewellyn was not ineffective as counsel for failing to move for a mistrial after the jury heard evidence that Mr. Martin had smoked crack and previously molested the victim.

ECF No. 21-6, pgs. 787, 788. The appellate court affirmed the motion court's ruling, finding:

> In the first instance, jurors were exposed to a section of the CAC interview video in which the victim referenced another sexual incident to which the she had been exposed but did not name the perpetrator, as well as a reference to Movant smoking crack. Movant claims that counsel should not have withdrawn her motion for a mistrial after the trial court cautioned her that it might grant it. "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. 2006). "The choice of one reasonable trial strategy over another is not ineffective assistance." *McLaughlin v. State*, 378 S.W.3d 328, 337 (Mo. 2012). Here, the record shows that Movant's experienced trial lawyer had to decide whether to advocate for a mistrial, beginning the trial process over again with an unknown jury pool, or continue the trial when jurors had heard 10-15 seconds of a CAC tape with unclear audio. At the evidentiary hearing on the post-conviction relief motion, trial counsel described in detail the rationale behind her decision not to pursue a mistrial: In thinking it through, I had to decide whether or not the way the case was going at that point it would be beneficial to us to ask for a mistrial and have to retry it, or whether or not I thought it was favorable enough -- what was going on was favorable enough to us, and whether or not the portion that the jury actually heard I guess would do more harm than what I thought the jury's favorable rating was. So in the entire analysis, I decided it was better to go with the jury we had, because I thought the case was going favorably for us. I withdrew my motion.
>
> The trial transcript also reflects that during a bench conference following the playing of the unredacted CAC video, counsel gave the same rationale for withdrawing her motion. Movant therefore fails to overcome the "strong presumption that counsel provided competent representation[.]" *Worthington v. State*, 166 S.W.3d at 573. The motion court did not clearly err in finding that trial counsel was not ineffective for failing to pursue a mistrial after the jury heard the unredacted video.
>
> In the second instance, the trial court's bailiff reported that two jurors had seen him escorting Movant in handcuffs. Movant argues that counsel was ineffective for failing to move for a mistrial upon the bailiff's notification, relying on *Deck v. Missouri*, 544 U.S. 622 (2005), to support his contention that a violation of due process results when jurors see a defendant shackled. At the evidentiary hearing on this motion, counsel testified that

> although, in general, exposure to a defendant in handcuffs could prejudice the jury, her decision whether to request a mistrial in a given case would depend on strategy and how the trial was going. Here, counsel's decision to not request a mistrial was within the bounds of reasonable trial strategy.
>
> The motion court found no prejudice to Movant from counsel's decision not to move for a mistrial. Indeed, a "well settled line of Missouri case law" holds that "a brief inadvertent exposure to the jury of a handcuffed defendant . . . cannot be said to result in prejudice." *State v. Swopes*, 343 S.W.3d 705, 710 (Mo. App. W.D. 2011) (citations and quotations omitted). The motion court did not clearly err. Point V is denied.

ECF No. 21-10, pgs. 969, 970 (internal citations omitted).

The PCR motion court and the appellate court correctly applied federal law in denying Petitioner's claim for ineffective assistance of counsel. "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. 2006). "The choice of one reasonable trial strategy over another is not ineffective assistance." *McLaughlin v. State*, 378 S.W.3d 328, 337 (Mo. 2012). The decision made by Petitioner's trial attorney was one of reasonable strategy and therefore, does not constitute ineffective counsel. The state court's decisions are entitled to deference. Thus, the claim will be denied.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that David L. Martin's, *Pro Se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1] is **DENIED**. Petitioner David L. Martin's, Petition is **DISMISSED**, with prejudice.

So ordered this 18th of July**,** 2019.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE